Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| ANTHONY McILVAIN OSTHEIMER and MARY BACON PARKE OSTHEIMER, | CAUSE NO. CV 05-69-M-LBE |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION OF |
| COMMISSIONER OF INTERNAL REVENUE, SECRETARY OF THE TREASURY, JOHN DOE, JANE DOE, and JANE ROE (employees of INTERNAL REVENUE SERVICE), | U.S. MAGISTRATE JUDGE |
| Defendants. | |

_____

This matter comes before the Court on Defendants' Motion to Dismiss Claims Other Than Refund Claim and to Substitute United States as Sole Proper Defendant.  Plaintiffs have failed to respond to this motion.  Local Rule 7.1(i) for the United States District Court for the District of Montana provides that "[f]ailure to file briefs within the prescribed time may subject any motion to summary ruling. [...]  Failure to file a brief by the adverse party shall be deemed an admission that the motion is well taken."

The Court has reviewed Defendants' Motion to Dismiss,

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

Plaintiff's Suit for Refund Complaint at Law For Damages from Procedural Irregularities, Forgeries, and Fraud filed May 4, 2005, the case file, and the applicable law. This Court, being fully informed, enters the following:

### RECOMMENDATION

Defendants' Motion to Dismiss Claims Other Than Refund Claim should be **GRANTED**. With the exception of their claim for a refund, the remainder of Plaintiffs' claims, including claims for injunctive and declaratory relief, should be **DISMISSED**. Defendants' motion to substitute the United States as the sole proper defendant should be **GRANTED** and the caption should be amended accordingly.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 19th day of January, 2006.

/s/
Leif B. Erickson
United States Magistrate Judge

**RATIONALE**

**I.   PLAINTIFFS' ALLEGATIONS**

Plaintiffs' complaint arises from an alleged tax refund or credit due to them and Defendants' efforts at collecting taxes it claims due.  This is an ongoing dispute between the Plaintiffs and the IRS covering a significant span of time starting in 1978.  As near as can be reasonably determined from Plaintiffs complaint, the Court finds Plaintiffs allege as follows:

Plaintiffs had a $47,230.67 tax refund or credit as a result of the 1978 tax year in which they had no tax liability.  Defendants respond that Plaintiffs owe or owed taxes from two transactions: (1) taxes allegedly triggered from an alleged sale of GE stock, and (2) taxes or penalties due from an early IRA withdrawal.  However, Plaintiffs contend Defendants have no valid assessment for the taxes allegedly owed, and they have illegally engaged in collection efforts.  As a result, Plaintiffs contend a refund is still due to them.

Plaintiffs seek relief as follows:

A.   Declaratory Judgment ordering refund of the credit amount of $47,230.67;

B.   Declaratory Judgment ordering refund of amounts taken from Social Security income since 2003; and

C.   A written apology from Defendants accepting responsibility for procedural irregularities and promising to operate within the bounds of the Internal

>    Revenue Code in the future.

In the alternative, Plaintiffs request the following:

A.  Declaratory Judgment ordering payment of treble damages as partial compensation for traumatic stress and personal handicaps experienced as a result of events which took place on January 3, 1989;[1]

B.  Compensation for filing fees, attorney and paralegal fees and other costs;

C.  Declaratory Judgment ordering the Secretary of the Treasury to place the Internal Revenue Service back under direct supervision and control of the Congress of the United States; and

D.  Such other remedies or remediations as the court may deem fair, just, and equitable.

## II.  DISCUSSION

Defendants move to dismiss all claims against them, except Plaintiffs' claim for a refund, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  The grounds for their motion are discussed below.

### A.  Official Capacity of Defendants and Substitution of United States

Defendants move to be dismissed from this suit and to substitute the United States as the sole proper defendant.  The basis for their motion is that all named defendants are sued in their official capacities.

The capacity in which Defendants are sued is a question

---

[1] Plaintiffs' complaint provides absolutely no explanation of what "event" occurred on that date.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 4

which must be considered as a primary issue by this Court because "[a] suit against IRS employees in their official capacity is essentially a suit against the United States. [citation omitted] As such, absent express statutory consent to sue, dismissal is required[]" based on sovereign immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *United States v. Shaw*, 309 U.S. 495, 500-01 (1940)).

> In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.

*Balser v. Dept. of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). On the other hand, "sovereign immunity does not bar damage actions against federal officials in their individual capacity for violation of an individual's constitutional rights." *Gilbert*, 756 F.2d at 1459.

In determining whether an action is against defendants in their individual or official capacities, the court may consider the type of relief sought.

> The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'

*Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citations omitted).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

Plaintiffs' complaint alleges wrongful tax collection practices and that a refund is due to them.  The allegations relate solely to Defendants' conduct in their official capacity as federal agents and employees of the IRS.  With regard to the relief sought, as summarized above Plaintiffs seek a declaratory judgment to obtain their tax refund, and to otherwise compel Defendants to act, or to restrain them from acting in their official capacity.  Because the relief sought may "interfere" with government administration, or compel the government to act or refrain from acting, and because any refund due to Plaintiffs would be an expenditure against the public treasury, this is plainly a suit directed against the sovereign, the United States in this instance.  Based on the foregoing, the Defendants named in the caption are sued in their official capacities and are entitled to sovereign immunity.  Despite such immunity, Defendants acknowledge in their Motion to Dismiss that Plaintiffs at least potentially allege a viable claim for the alleged refund due to them.  Accordingly, they propose to substitute the United States as the sole proper Defendant for the refund claim under 26 U.S.C. § 7422.

The general rule in a civil action for refund of taxes is the "suit or proceeding . . . may be maintained only against the United States and not against any officer or employee of the United States[.]"  26 U.S.C. § 7422(f)(1).  If such a suit is

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

brought against an individual officer or employee then the Court shall substitute the United States as the proper party.  26 U.S.C. § 7422(f)(2).

In light of Defendants' recognition of Plaintiffs' refund claim allegations, the substitution of the United States is proper with regard to that claim.  Plaintiffs' refund claim is the subject of Defendants' pending summary judgment motion and will be dealt with in a subsequent ruling.  However, Defendants argue that even with the United States as the properly named Defendant, all other claims are still subject to dismissal for the reasons discussed herein.

### B.   Sovereign Immunity

The ability of the United States to claim sovereign immunity is firmly recognized within the court system.  "It is well-settled that the United States is a sovereign, and as such is immune from suit unless it has expressly waived such immunity and consented to be sued."  *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985), (citing *United States v. Shaw*, 309 U.S. 495, 500-01 (1940) and *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)).  Sovereign immunity means that the United States may not be sued without its consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  Whether a court has jurisdiction to hear a suit against the government is determined

by the terms of the government's consent and waiver of immunity. *Id.* Plaintiff has the burden of showing a waiver of sovereign immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) *cert. denied*, 487 U.S. 1204 (1988).

Defendants argue all claims, except Plaintiffs' refund claim, are subject to dismissal based on sovereign immunity. Since Plaintiffs have not filed a response to Defendants' motion they have done nothing to meet their burden of showing any waiver of Defendants' sovereign immunity. Nevertheless, the Court will consider the application of sovereign immunity to this case.

As previously noted, Plaintiffs suit essentially alleges improper tax collection practices and a claim for a refund. Defendants address the refund claim in their pending summary judgment motion, but argue the collection practices claim does not survive the sovereign immunity bar.

A taxpayer is permitted to recover damages from the government under 26 U.S.C. § 7433, in the event that

> any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title[.]

26 U.S.C. § 7433(a). Tax collection violations are actionable under § 7433. *Schwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000).

However, the right to bring a civil action under this code

is subject to certain limitations.  A taxpayer must first exhaust administrative remedies, and must bring the claim within 2 years after the right of action accrues.  26 U.S.C. § 7433(d).  The administrative remedies require a taxpayer to file an administrative claim regarding the alleged improper collection practices.  *See U.S. v. Toyota of Visalia*, 772 F. Supp. 481, 492-93 (E.D. Cal. 1991).

Defendants assert Plaintiffs have not filed any administrative claims.  By failing to respond, Plaintiffs concede the point. Plaintiffs' failure to exhaust entitles Defendants to invoke sovereign immunity as a complete bar to Plaintiffs claim for alleged improper collection practices.

Where sovereign immunity applies, a claim is subject to dismissal for lack of jurisdiction.  Fed. R. Civ. P. 12(b)(1) allows a Court to dismiss a complaint for lack of subject matter jurisdiction.  *Jones v. AT&T Co.*, 798 F. Supp. 1137 (E.D. Pa. 1992).  Rule 12(b)(1) enables a defendant to "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  It is then up to the plaintiff to respond with facts supporting a finding of federal jurisdiction, and the burden of demonstrating jurisdiction is on the plaintiff.  *Id.*  See also *Farmers Ins.*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 9

*Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). "Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction." *Orff v. U.S.*, 358 F.3d 1137, 1142 (9th Cir. 2004).

Accordingly, the § 7433 claims should be dismissed.

### C.  Injunctive and Declaratory Relief

Defendants further argue to the extent any other claims pled assert rights to injunctive or declaratory relief, such relief is barred. The anti-injunction provisions of the Internal Revenue Code at 26 U.S.C. § 7421(a) provide that

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The statute withdraws jurisdiction from courts to hear suits requesting injunctions prohibiting the assessment or collection of federal taxes. *Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1, 5 (1962); *Blech v. U.S.*, 595 F.2d 462, 466 (9th Cir. 1979). The purpose of the statute is to protect

> the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.

*Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974), overruled on other grounds, *South Carolina v. Regan*, 465 U.S. 367, 377 n.14 (1984).

There are certain statutory and judicial exceptions to the

prohibition against injunctive relief.  However, Plaintiffs have not argued for any of the statutory exceptions listed in 26 U.S.C. § 7421(a).

With regard to the judicial exceptions, the Court in *Hughes v United States*, 953 F.2d 531, 535 (9th Cir. 1992) stated that the burden is on the taxpayer to show that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief."  Without proving these two prongs, taxpayers may not avail themselves of the exceptions to the anti-injunction provision.

Again, absent Plaintiffs' response to Defendants' motion they have not established either of the two prongs of the judicial exception allowing an award of injunctive relief.  There is no basis for establishing the government will not prevail or that Plaintiffs will be irreparably harmed.  Therefore, 26 U.S.C. § 7421 bars any injunctive relief sought herein.

Similarly, declaratory relief for any tax related claims is barred by the Declaratory Judgment Act.  *Hutchinson v. U.S.*, 677 F.2d 1322, 1326-27 (9th Cir. 1982).  "The federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."  *Alexander v. Americans United, Inc.*, 416 U.S. 752, 759 n.10 (1974).  Therefore, any declaratory relief Plaintiffs seek is barred as it relates to federal taxes or federal tax collection.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 11

## III.  CONCLUSION

As suggested by Defendants' motion, Plaintiffs' only claim which survives dismissal at this stage of the proceedings is their claim for a tax refund.  The individually named Defendants should be dismissed with prejudice and the United States should be substituted as the sole proper defendant for that claim.  All other claims ought be dismissed.