Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| ANTHONY McILVAIN OSTHEIMER and MARY BACON PARKE OSTHEIMER, | CAUSE NO. CV 05-69-M-LBE |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION OF |
| COMMISSIONER OF INTERNAL REVENUE, SECRETARY OF THE TREASURY, JOHN DOE, JANE DOE, and JANE ROE (employees of INTERNAL REVENUE SERVICE), | U.S. MAGISTRATE JUDGE |
| Defendants. | |

_____

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment.  They seek dismissal of Plaintiffs' refund claim which, following previous recommendations by the Court, is the only remaining issue in this case.

Also before the Court is Plaintiffs' Motion to Strike Defendants' "Exhibit #1" or In the Alternative to Set It Aside Unless and Until Underlying Supporting Foundational Tax Assessment Certificates are Filed.  The Court will construe this Motion to Strike as Plaintiffs' response to Defendants' summary

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

judgment motion because Plaintiffs did not file any other response to Defendants' motion.

The Court has reviewed Defendants' Motion for Partial Summary Judgment, Plaintiffs' Suit for Refund Complaint at Law, For Damages from Procedural Irregularities, Forgeries, and Fraud filed May 4, 2005, their Motion to Strike, filed February 24, 2006, all supporting documents attached and provided by the parties, the case file, and the applicable law.  This Court, being fully informed, enters the following:

### RECOMMENDATION

Defendants' Motion for Partial Summary Judgment should be **GRANTED**.  Plaintiffs' claim for a tax refund, and this entire case, should be **DISMISSED**.  All other pending motions should be **DENIED** as moot due to the recommended dismissal of this entire case.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Strike and

alternative motion for foundational documents is **DENIED**.

DONE and DATED this 24th day of May, 2006.

    /s/ Leif B. Erickson
    Leif B. Erickson
    United States Magistrate Judge

**RATIONALE**

### I. PLAINTIFFS' ALLEGATIONS

The Court has already summarized Plaintiffs' allegations in its January 19, 2006 Findings and Recommendations and such summary will not be repeated here. Rather, the summary is incorporated herein by this reference. (Jan. 19, 2006 Findings and Recommendation at 3-4).

As a result of that prior recommendation Plaintiffs' sole remaining claim is for a tax refund allegedly due to them from the 1978 tax year. (*Id.* at 12.) Plaintiffs seek a refund in the amount of $47,230.67.

### II. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants move for partial summary judgment on the refund claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. They assert that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Defendants argue that taxes were assessed against

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

Plaintiffs and collected from them for the 1978 tax year. However, such assessments were subsequently abated, and all payments and credits collected and applied to the 1978 tax year were reversed and applied to Plaintiffs' other tax liabilities for subsequent years. Due to those transactions there currently is a zero balance showing no 1978 tax refund remaining.

### III.  DISCUSSION

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id*. at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id*.

In support of their motion Defendants have submitted a declaration from Tamara Williams who is a Supervisory Internal Revenue Agent for the IRS. (Decl. of Tamara Williams (September 22, 2005) ¶ 1.) Attached to her declaration is a Certificate of Official Record signed by Linda L. Drake, Supervisor Accounting Technician. (*Id*., Ex. 1.) Attached to her certificate is Form 4340 which is a Certificate of Assessment, Payments and Other Specified Matters for Plaintiffs regarding the 1978 tax year consisting of 46 pages of financial transactions relative to that year. (*Id*.)

Ms. Williams' declaration explains the information shown on the attached Form 4340. The form shows tax assessments made against Plaintiffs for the 1978 tax year, 150 payments and credits applied to the 1978 tax year liabilities, but which were subsequently reversed and applied to Plaintiffs' other subsequent tax year liabilities. (Decl. of Williams ¶ 3.) The form then

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

shows that the resulting balance for the 1978 tax year is zero. (*Id.*, Ex. 1 (Form 4340 at 46).)  (*See also* Defs.' Memorandum at at 4.)

Plaintiffs have moved to strike the Form 4340 attached to Williams' declaration.  Plaintiffs contend the form is not certified as complete, that it is in fact incomplete, misleading, and unsupported by the underlying foundational documents.  Plaintiffs state that the computer generated Form 4340 is not admissible evidence, and "nothing more than a 'pedagogical device'."  (Pls.' Br. in Sup. at 5.)  Plaintiffs further contend that failure to produce the original Form 23C or other signed tax assessment certificates results in an assumption of "apparent non-existence" of the documents.  (*Id*.)  Finally, Plaintiffs' claim that Form 4340 is "not a substitute for the actual underlying foundational timely-signed tax assessment certificates - of which they have NONE!"  *(Id.)*

Contrary to Plaintiffs' arguments the law discussed below establishes the Form 4340 is valid and sufficient to establish the facts asserted therein.  The Form 4340 documents are self-authenticating domestic public documents properly certified with the "Certificate of Official Record"; they are appropriate computer generated official documents which are "probative evidence in and of themselves and, in the absence of contrary

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

evidence, are sufficient to establish that notices and assessments were properly made." *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1991). *See also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Such Form 4340 documents are routinely used and are "presumptive proof of a valid assessment." *Geiselman v. U.S.*, 961 F.2d 1, 6 (1st Cir. 1992) (quoting *U.S. v. Chila*, 871 F.2d 1015 (11th Cir. 1989)) (other citations omitted). "[The] documents serve as an accounting of the taxpayer's liabilities and any payments or credits applied to said liabilities." *In re Eleazar*, 271 B.R. 766, 778 (Bnkrtcy. D.N.J. 2001).

In *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992), the court stated the Form 4340 documents submitted by the IRS were presumptively correct. "If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Id*. at 737-38.

Based on the foregoing, Plaintiffs' challenge to the validity of the Form 4340 documents submitted in this case lacks merit. Contrary to Plaintiffs' argument the IRS need not submit the underlying foundational documents absent evidence from the taxpayer challenging the validity of the assessments. Here, other than to merely question the completeness of the

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

assessments, Plaintiffs have not submitted any evidence raising a genuine issue of material fact as to the validity of the assessments, the amounts of the assessments, the amounts of the payments, credits, reversals, and the resulting zero balance. Plaintiffs' suggestions and conjecture are not sufficient to rebut Defendants' summary judgment motion.  Plaintiffs' motion to strike the Form 4340 will be denied.

The remaining issue is whether the IRS had authority to apply the overpayments or credits to subsequent tax years.  In the case of an overpayment, under 26 U.S.C. § 6402(a) the Secretary has the authority to credit the amount of any overpayment, "including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person."  26 U.S.C. § 6402(a).  "[T]he IRS has the authority under I.R.C. § 6402(a) and applicable regulations to credit tax overpayments against" any tax liability.  *Donahue v. United States*, 33 Fed. Cl. 600, 605 (1995).  *See also Kalb v. United States*, 505 F.2d 506, 509 (2nd Cir. 1974) (confirming the IRS has discretion to apply the overpayment to any tax liability).

Based on all of the foregoing, Defendants are entitled to summary judgment dismissing Plaintiffs' claim for a refund.  The

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 8

certified Form 4340, submitted by Defendants, establishes the assessments made for 1978 taxes, and the payments and credits applied at various times and in various amounts.  The payments and credits applied to the 1978 tax year are shown to have been reversed and ultimately applied, in total, to Plaintiffs' tax liabilities owed for subsequent tax years.  Defendants have factually established that no remaining tax credit exists for 1978 to refund to Plaintiffs.  Plaintiffs have failed to submit any evidence to contradict the zero balance shown by Defendants' documentation.

**IV.   CONCLUSION**

Defendants' summary judgment motion establishes there are no genuine issues of material fact.  There is no remaining 1978 tax refund due to be returned to Plaintiffs as all of such refund amounts were applied to other tax year liabilities.  Therefore, Defendants' motion should be granted.