FILED
MISSOULA, MT

2006 MAY 24 AM 8 29

PATRICK E. DUFFY
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ANTHONY McILVAIN OSTHEIMER and MARY BACON PARKE OSTHEIMER, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMISSIONER OF INTERNAL REVENUE, SECRETARY OF THE TREASURY, JOHN DOE, JANE DOE, and JANE ROE (employees of INTERNAL REVENUE SERVICE), <br><br> Defendants. | CV 05-69-M-DWM <br><br><br><br><br> ORDER |

Magistrate Judge Leif B. Erickson entered Findings and Recommendations on January 19, 2006 (dkt #38) and again on March 7, 2006 (dkt #46). Plaintiffs objected to the first set, but not to the second set. Because Plaintiffs objected to the first set of Findings and Recommendation, they are entitled to de novo review there. Where a party fails to timely object, it waives the right to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000). This Court will review the March 7th Findings and Recommendation for clear error. *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

I. Background

Plaintiffs Ostheimers filed suit in May 2004 seeking a refund of $47,230.67 for a dispute that occurred during the 1978 tax year. They also seek a declaratory judgment ordering a refund of amounts withheld from their social security payments since 2003 and a written apology for alleged procedural irregularities.

In the alternative, Plaintiffs seek a declaratory judgment ordering payment of treble damages as partial compensation for the traumatic stress and personal handicaps resulting from the events that occurred on January 3, 1989. They also seek filing fees, attorney and paralegal fees and other costs. Finally, in the alternative they seek a declaratory judgment ordering the Secretary of the Treasury to place the Internal Revenue Service back under the direct supervision and control of the United States Congress.

In response, Defendants assert that Plaintiffs owe or owed taxes in 1978 stemming from 1) taxes allegedly triggered from an alleged sale of General Electric stock and 2) taxes or penalties due from an early IRA withdrawal. Pursuant to Federal Rule of

Civil Procedure 12(b)(1), Defendants move to dismiss all claims against them due to lack of subject matter jurisdiction except for the issue of the $47,230.67 refund .

II. Analysis

    A.   The United States is the Proper Defendant.

As Judge Erickson found, because the named defendants are sued in their official capacity the United States should be substituted as the Defendant. When IRS employees are sued for actions taken in their official capacity, sovereign immunity mandates dismissal absent express statutory authority. *Gilbert v. DaGrossa*, 765 F.2d 1455, 1458 (9th Cir. 1985). However, the Court must still determine if the actions conducted by federal officials were done in their individual capacity in violation of another's constitutional rights. *Gilbert*, 756 F.2d at 1459. This analysis requires the Court to consider the type of relief sought. In *Dugan v. Rank*, the Supreme Court stated that an action was against the sovereign if the judgment would "expend itself on the public treasury," "interfere with the public administration," or influence government action. *Dugan v. Rank*, 372 U.S. 609, 620 (1963).

Here, Plaintiffs allege misconduct on the part of the Defendants in the course of their work regarding tax collection. Judge Erickson correctly found that these allegations only related to work conducted in the course of the Defendants'

official capacity. The relief sought touches the public treasury or otherwise compels the actions of government officials. Accordingly, this action is better directed against the sovereign, the true subject of Plaintiffs' allegations.

Finally, under 26 U.S.C. § 7422(f)(1) (2000), in a civil action for refund of taxes the proper defendant is the United States and not an employee or officer of the sovereign. Per § 7422(f)(2), the statute further enumerates that the United States shall be substituted for said individual parties. Thus, the United States will be substituted as the sole defendant.[1]

    B.    The Doctrine of Sovereign Immunity Mandates Dismissal.

Case law, statutory law, and the Plaintiffs' failure to respond to the sovereign immunity argument mandate dismissal. Without express consent, sovereign immunity bars suit against the United States. *United States v. Testan*, 424 U.S. 392, 399 (1976). This doctrine is "well-settled" and recognized by the courts. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)(citing *United States v. Shaw*, 309 U.S. 495, 500-01 (1940)). Jurisdiction of a suit against the government is found within the terms of the government's consent. *Testan*, 424 U.S. at 399. The plaintiff bears the burden of demonstrating a waiver of sovereign

---

[1] In their objection the Plaintiffs improperly assume that since Judge Erickson is a United States Magistrate Judge the change in the defendants to the United States will bring him into the suit. They further imply this will cause a conflict of interest. This argument is baseless.

immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204 (1988).

The Plaintiffs have not met this burden because they have not responded to Defendants' motion to dismiss based on the issue of sovereign immunity. Even so, Judge Erickson still considered the application of sovereign immunity in the case and appropriately found it barred all of the claims except for the 1978 refund claim.

Specifically, the Findings and Recommendation note that under 26 U.S.C. § 7433, a taxpayer may not recover damages from the government for tax collection violations without first exhausting administrative remedies. There is no evidence Plaintiffs ever fulfilled this requirement. Indeed, they failed to respond to Defendants' motion.

Because sovereign immunity applies, this Court is divested of subject matter jurisdiction and the Defendants appropriately used Rule 12(b)(1) as an instrument for dismissal. Where sovereign immunity has not been waived, courts must dismiss such claims for lack of jurisdiction. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). Therefore, the § 7433 claims are dismissed.

C.  Statutory Law Bars Claims for Injunctive and Declaratory Relief.

Defendants are also prevented from pursuing their claims for relief because of the anti-injunctive provisions of the Internal

-5-

Revenue Code. 26 U.S.C. § 7421 provides: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Thus, this Court does not have jurisdiction to hear a suit seeking the prohibition of tax collection practices. *See Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1, 5 (1926).

There are exceptions to this provision, but Defendants have failed to make an argument addressing the exception listed in § 7421(a). Moreover, case law mandates the burden to show an exception is placed upon the taxpayer. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

Declaratory relief for tax claims is also barred via the Declaratory Judgment Act. *Hutchinson v. United States*, 677 F.2d 1322, 1326-27 (9th Cir. 1982).

Thus, the Plaintiffs' claims for injunctive and declaratory relief are barred.

D.   The March 7, 2006 Findings and Recommendation.

Judge Erickson correctly advised denying Plaintiffs' August 5, 2005 motion for summary judgment where they failed to comply with the Local Rules and his August 25, 2005 Order. Judge Erickson ordered Plaintiffs to correct their deficiencies, but instead they filed a new, identical motion for summary judgment that is a separately docketed motion.

III. Conclusion

Accordingly, based on the foregoing I hereby accept Judge Erickson's January 19, 2006 Findings and Recommendation (dkt #38) and his March 7, 2006 Findings and Recommendation (dkt #46) in full.

IT IS HEREBY ORDERED that Defendants' motion to dismiss (dkt #7) is GRANTED. The caption shall show the United States as the sole Defendant;

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment (dkt #10) is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' motion for reconsideration (dkt #41) is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file excess pages (dkt #54) is DENIED. Plaintiffs have until June 5, 2006 to refile reply briefs addressing Plaintiffs' motions to strike and to compel discovery. The reply briefs are limited to ten pages in accordance with Local Rules 7.1(f); and

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file (dkt #33) is DENIED for failure to comply with Local Rule 7.1(j) and Judge Erickson's December 8, 2005 Order.

Dated this 24th day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court