FILED
MISSOULA, MT

2006 JUL 5 PM 4 31

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ANTHONY McILVAIN OSTHEIMER and MARY BACON PARKE OSTHEIMER,<br><br>Plaintiffs,<br><br>vs.<br><br>The United States of America,<br><br>Defendant. | CV 05-69-M-DWM<br><br><br>ORDER |

Magistrate Judge Leif B. Erickson entered Findings and Recommendations on May 24, 2006 (dkt #58). Plaintiffs timely objected and are therefore entitled to de novo review. I adopt Judge Erickson's Findings and Recommendation.

I.   Background

Plaintiffs Ostheimers filed suit in May 2005 seeking a refund of $47,230.67 for a dispute that occurred during the 1978 tax year. They also sought a declaratory judgment ordering a

-1-

refund of amounts withheld from their social security payments since 2003 and a written apology for alleged procedural irregularities.

In the alternative, Plaintiffs pursued a declaratory judgment ordering payment of treble damages as partial compensation for the traumatic stress and personal handicaps resulting from the events that occurred on January 3, 1989. They also claimed filing fees, attorney and paralegal fees and other costs. Finally, in the alternative they sought a declaratory judgment ordering the Secretary of the Treasury to place the Internal Revenue Service back under the direct supervision and control of the United States Congress.

In response, Defendants asserted that Plaintiffs owe or owed taxes in 1978 stemming from 1) taxes allegedly triggered from an alleged sale of General Electric stock and 2) taxes or penalties due from an early IRA withdrawal. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants successfully moved to dismiss all claims against them due to lack of subject matter jurisdiction except for the issue of the $47,230.67 refund.

The question of the refund of $47,230.67 is the sole issue remaining. The Defendant moved for partial summary judgment on the issue and it warrants approval.

II. Analysis

    A.    Summary Judgment Standards.

A party moving for summary judgment is entitled to such if

the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id.* at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id.*

In evaluating the appropriateness of summary judgment the Court must first determine whether a fact is material; and if so,

it must then determine whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the Court.

As to materiality, the applicable substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Anderson*, at 248.

If a fact is found to be material, summary judgment will not lie if the dispute about that fact is genuine. In other words, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. *Id.* In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251-252. Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

B.  The Uncontested Facts, Statutory Law, and Case Law Support Summary Judgment for Defendant and Dismissal of the Case.

The Defendant's valid submission of a certified Form 4340 establishes that any inappropriate assessments applied to Plaintiffs' 1978 taxes were redistributed to cover Plaintiffs' subsequent tax liabilities. While the Plaintiffs did make a failed effort to strike the submission of the Form 4340, they have not contested the factual matters manifested in the Form 4340, which lead this Court to grant Defendant's motion for partial summary judgment.[1]

As Judge Erickson found, the Form 4340 is acknowledged as a self-authenticating official record, which is accepted by the Ninth Circuit Court of Appeals and other courts as evidence and notice and proof of assessments. *See, e.g., Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1991). Court have found that these forms are "presumptively correct." *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992). Indeed, as cited in the Findings and Recommendation, "[i]f a taxpayer does not present evidence

---

[1] In their Objections, Plaintiffs argue they have set forth information in affidavit form that belies the veracity of the Form 4340. These affidavits, however, were not timely as they were filed in May 2006 when Plaintiffs should have responded with this information to Defendant's motion for partial summary judgment in November 2005. Plaintiffs further allege that Judge Erickson is running a "Starre Chamber" in the service of the "King." They presume that judges and clerks are barred from conducting independent research concerning legal matters and citing cases not introduced to courts by the parties.

indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Id.* at 737-78. This point of law, relied upon by hundreds of courts across the nation, highlights why partial summary judgment is appropriate here.

Moreover, the IRS had the authority to apply the credit from Plaintiffs' payment to the subsequent deficiencies. 26 U.S.C. § 6402(a) addresses this issue and allows the IRS to apply credits to liabilities. Applicable case law has contemplated this regulation and found it valid. *See Donahue v. United States*, 33 Fed. Cl. 600, 605 (1995).

Here, the Defendant presented uncontested factual evidence that Plaintiffs' claim for a refund is baseless. The submission of a declaration from Tamara Williams, a Supervisory Internal Revenue Agent for the IRS, and the Certification of Official Record with the attached Form 4340 regarding the Plaintiffs' 1978 tax record, demonstrates there are no genuine issue of material facts regarding this matter.

Pursuant to Ms. Williams' explanation of the Form 4340 mistakes may have been occurred concerning Plaintiffs' tax assessments in 1978, but it is uncontested that the IRS legally corrected these errors through the application of these funds to other tax liabilities owed by the Plaintiffs. The corrections rendered the Plaintiffs' balance zero for their 1978 tax record.

Consequently, the Plaintiffs' sole remaining claim is baseless.

III. Conclusion

Accordingly, based on the foregoing I hereby accept Judge Erickson's May 24, 2006 Findings and Recommendation (dkt #58) in full.

IT IS HEREBY ORDERED that Defendants' motion for partial summary judgment (dkt #31) is GRANTED.

IT IS FURTHER ORDERED that the case is DISMISSED and all outstanding motions are deemed moot. The Clerk of Court shall enter Judgment in favor of the Defendant.

Dated this 5＿ day of July, 2006.

Donald W. Molloy, Chief Judge
United States District Court